UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONAL A.R.P.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN NWIPC, et al.,<br><br>Respondents. | Case No. 2:26-cv-02940-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Ronal A.R.P. is a 33-year-old citizen of El Salvador. Dkt. 15 ¶ 3. Petitioner has entered the United States without inspection several times and has been removed to El Salvador twice. He first came as a minor in 2011 and was removed in 2012. *Id.* ¶ 10. After returning at an unknown time, he was again removed to El Salvador in 2018. *Id.* ¶ 15. Petitioner also has three criminal convictions: (1) in February 2016, for driving under the influence; (2) in May 2018, for possession of marijuana; and (3) in July 2018, for illegal entry into the United States. *Id.* ¶ 12. In addition, in June 2025, Petitioner was arrested in Montana for resisting arrest and assaulting a peace officer. *Id.* Charges remain pending. *Id.*

[1] On September 1, 2026, the Court granted Petitioner permission to use a pseudonym in these proceedings. Dkt. 11.

On June 23, 2025, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody directly from the Gallatin County (Montana) Jail. Dkt. 15 ¶ 17. On June 26, 2025,[2] Petitioner asserted a fear of removal to El Salvador. *Id.* ¶ 18. On July 24, 2025, an asylum officer found the fear to be credible and referred petitioner to an Immigration Judge ("IJ"). *Id.* While the disposition of Petitioner's asylum claim is unclear, on March 19, 2026, an IJ denied Petitioner's application for relief and ordered Petitioner removed to El Salvador. *Id.* ¶ 37. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") and the appeal remains pending. *Id.* ¶ 38.

In the meantime, on October 8, 2025, ICE Health Service Corps ("IHSC") diagnosed Petitioner with a mental health condition. *Id.* ¶ 26. In early November, 2025, Petitioner reported that he had been sexually assaulted by a cellmate at NWIPC. *Id.* ¶ 30. Approximately one month later, an investigation confirmed that the incident may have occurred but could not verify the truth of Petitioner's allegations. *Id.* ¶ 31.

On January 5, 2026, a bond hearing was held before an IJ pursuant to *Martinez-Baños, et al.*, Case No. 16-cv-1454-JLR, 2018 WL 1617706 (W.D. Wash. April 4, 2018), *vacated on other grounds*, Case No. 16-cv-1454-TL, 2026 WL 2876191, at *1 (W.D. Wash. Sept. 24, 2026). At a hearing under *Martinez-Baños*, the government bears the burden of showing that a noncitizen is a flight risk or a danger by clear and convincing evidence. Dkt. 12 at 2, n.2. The IJ found

---

[2] In their return, Respondents describe this date as "June 26, 2026" and refer to the date of the asylum officer's interview as "July 24, 2026." Dkt. 12 at 4. But the year in these dates has to be incorrect as 2026 would be inconsistent with the overall timeline and with the declaration of Deportation Officer Arambula (Dkt. 15). Instead of 2026, the year should be 2025. Another material error occurs on the top of page 9 of the return, where Respondents state that the six-month period beginning on "June 24, 2025" ended on "December 24, 2026." Mistakes such as these, while understandable given the heavy workload faced by counsel for Respondents (as well as this Court), are nonetheless confusing and time-consuming to sort out. The Court would appreciate more careful proofreading in the future.

Petitioner to be both a flight risk and a danger and denied bond. Dkt. 15 ¶ 35. Petitioner has appealed the IJ's bond denial to the BIA. *Id.* ¶ 36.

On August 19, Petitioner filed this petition for a writ of habeas corpus. Dkt. 1. On September 2, Respondents filed a response. Dkt. 12. On September 23, Petitioner filed his traverse. Dkt. 19. Petitioner raises two challenges to his detention: (1) The IJ abused her discretion when she denied him bond; and (2) the prolonged nature of his detention entitles him to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents counter that petitioner's challenge to the bond decision is premature because his appeal to the BIA is pending and that his removal to El Salvador is foreseeable, making him ineligible for relief under *Zadvydas.*

For reasons explained below, the Court concludes that even assuming that exhaustion could be waived, the IJ did not abuse her discretion in finding Petitioner to be a flight risk and danger. The Court also concludes that Petitioner's *Zadvydas* claim fails because his eventual removal to El Salvador, while lacking a date certain, is reasonably foreseeable.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. The IJ did not abuse her discretion in finding Petitioner to be a flight risk and danger.

Petitioner argues that the IJ abused her discretion in denying him bond because she (1) interrupted Petitioner's counsel when he tried to describe Petitioner's experience being

tortured in El Salvador; (2) failed to apply the "clear and convincing" standard to the government's evidence that Petitioner was a flight risk and a danger; and (3) failed to properly balance the factors outlined in *In re Guerra*, 24 I. & N. Dec. 37, 2006 WL 3337627 (2006) by giving too much weight to Petitioner's criminal history and insufficient weight to his community ties.[3] Dkt. 2 at 7; 10–11; Dkt. 19 at 4–5.

Respondents argue that Petitioner's challenge to the IJ's bond decision is premature because Petitioner has failed to exhaust his administrative remedies by waiting until the BIA has resolved his appeal. Dkt. 12 at 6–8. Respondents do not address the merits of the IJ's bond decision.

Respondents are correct that in general, the doctrine of exhaustion requires a habeas petitioner to fully resolve any administrative appeals before turning to federal court. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). It can be waived if Petitioner shows that exhaustion would be futile. *See* *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

The Court need not decide if Petitioner has met his burden to show that exhaustion is futile because even if he did, under the Court's limited review of an immigration bond hearing, Petitioner has not demonstrated that the IJ abused her discretion by denying bond. The Court has

---

[3] In *Guerra,* the BIA set forth these factors as follows: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *Guerra*, 2006 WL 3337627 at **3.

listened to the 16-minute audio recording of the January 5th hearing and reviewed the IJ's written bond memorandum. While the Court agrees with Petitioner's characterization of the IJ's treatment of his counsel—she cuts him off several times and does not expressly articulate how she balanced the *Guerra* factors—the Court's review of a determination of flight risk or danger is "deferential." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). Factual questions such as whether Petitioner was a gang member or if there were extenuating circumstances to his Montana arrest are unreviewable by a habeas court. *Id.* at 782. Rather, the Court's scope of review is limited to determining "whether an IJ correctly applied the [legal] standard to a given set of facts." *Id.*

Here, the IJ articulated the correct standard and placed the burden on the government to show by clear and convincing evidence that Petitioner was a flight risk or a danger. There are not "red flags" in the record that would lead the Court to discredit the IJ's recitation of the standard. *See id.* at 785. The overall record demonstrates that the IJ denied bond based on Petitioner's "extensive" history of immigration violations, *see* Dkt. 13-7 at 3, and his criminal history, *id.* at 4. Both encompass relevant *Guerra* factors, and the material underlying facts were undisputed. On this record, the Court cannot conclude that the IJ abused her discretion, even if the Court were to waive exhaustion.

**B. Petitioner's *Zadvydas* claim fails because removal to El Salvador is not unforeseeable.**

Petitioner has been detained since June 24, 2025. Dkt. 2 at 2. Petitioner's order of removal is final because Respondents reinstated the prior order of removal stemming from his 2018 removal to El Salvador. Dkt. 13-3 at 2. Although Petitioner is seeking withholding of that order of removal through "withholding-only proceedings," his order of removal is considered administratively final and his detention is governed by 8 U.S.C. § 1231(a). *Padilla-Ramirez v.*

*Bible*, 882 F.3d 826, 832 (9th Cir. 2017). In *Zadvydas v. Davis*, the Supreme Court construed § 1231(a) to prohibit continued detention when removal is no longer reasonably foreseeable. 533 U.S. 678, 701 (2001).

Confusingly, Petitioner presents his second argument somewhat as an afterthought: "The Court need not resolve the *Zadvydas* issue prematurely. Petitioner pleads it in the alternative so that the legality of detention can be evaluated against whatever evidence Respondents provide concerning the actual foreseeability of removal." Dkt. 2 at 17. Broadly construed, Petitioner seems to be arguing that under the framework established in *Zadvydas*, the burden is on Respondents to show that his removal to El Salvador is foreseeable. Respondents disagree with this interpretation of the steps required to resolve a claim under *Zadvydas* and contend that the initial burden is on Petitioner to first show that removal is unlikely. Dkt. 12 at 9. Respondents are correct that *Zadvydas* first requires a petitioner to show that (1) he has been detained for longer than the 6-month "presumptively reasonable period of detention"; and (2) there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. If he meets that threshold, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner has not met his initial burden. Although his removal has been delayed by his withholding-only proceedings, Ninth Circuit precedent instructs that it remains reasonably foreseeable. First, Petitioner has not presented any evidence that he "is unremovable because the destination country will not accept him or his removal is barred by our own laws," and he has been removed to El Salvador twice before. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Second, any delay in removal is attributable to Petitioner's pending appeal of his administratively final order of removal, not to difficulty in executing the removal order. The Ninth Circuit has held that even when "removal has certainly been delayed by [Petitioner's]

pursuit of judicial review of [an] administratively final removal order," *Zadvydas* does not prohibit detention because the petitioner is "not stuck in a 'removable-but-unremovable limbo' as the petitioners in *Zadvydas* were." *Id.* at 1063. His "continued detention, while lengthy, is not indefinite," and the INA therefore permits "continuing detention while he pursues judicial review of his administratively final order of removal." *Id*. at 1065.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 26th day of October, 2026.

Tiffany M. Cartwright
United States District Judge